The opinion of the court was delivered by
Breaux, J.
The defendants were sued to compel them to pay a license of fifty dollars for carrying on and conducting a “ Punch and Judy” and “ Magic Lantern ” show and performance.
Prom a judgment condemning each defendant to pay a license of thirty dollars, they appeal.
The record presents the question whether the tax collecting authorities can collect a license from shows and exhibitions given free of charge. The answer of the defendant is a general denial, and they specially “ deny the legality of the tax, and they aver that there is no law which requires them to pay a license in this State.”
*1597 To this, objection is urged by plaintiffs on the grounds:
1. That the pleadings are too loose and general to serve as a basis of defence.
2. That the allegations denying that there is a law which requires them to pay a license to the State is a special defence to which the defendants’ case must be confined.
Evidence admitted without objection proves that they did not charge any admission fee and thereby this evidence supplies the insufficiency of allegation of the answer. In consequence under the plea of the illegality of the demand, the issue is properly before us for decision, whether considered under the plea of general denial or under the special defence that there is no law requiring them to pay a license.
The legality is contested when it is claimed there is no law authorizing the tax, or that the statute authorizing it is invalid, or that it has been imposed in violation of a valid law. Gillis vs. Clayton, 33 An. 285; Adler, Goldman & Co. vs. Board of Assessors, 37 An. 507, 508.
It being a fact shown without objection, that they do not charge or receive contributions; theycan not be held for a license. There must be some feature of business about the performance in order that the State may be entitled to a license.
As the case comes to us there is absolutely no charge of any kind made and no contribution solicited or expected.
Other shows and performances it seems, draw the crowd by means of free shows. The law does not, as we read, contemplate that the free exhibition also shoald pay a license.
It is therefore ordered adjudged and decreed, that the judgment appealed from be avoided, annulled and reversed, and that plaintiff’s demand be rejected.